DEASON *v.* BOSTON STORE DRY GOODS COMPANY.

5-983                                               292 S. W. 2d 261

Opinion delivered July 2, 1956.

*Paul E. Gutensohn, Warner, Warner & Ragon* and
*Hardin, Barton, Hardin & Garner,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

LEE SEAMSTER, Chief Justice. Appellant, Grace Dea-
son, brought suit against appellee, Boston Dry Goods
Company, to recover damages for physical injuries al-
leged to have been sustained by her from a fall she suf-
fered while a customer in appellee's store. The negli-
gence complained of was that on the first day of April,
1953, at approximately 9:45 a. m., the appellant entered
appellee's store, made a purchase and started up the
basement stairs, when she slipped on some foreign sub-
stance on the stairway. Appellant alleges (1) that the
appellee carelessly and negligently allowed a foreign
article to remain upon said stairs, when it knew, or by
exercise of ordinary care, should have known that the
same was in an unfit condition for customers using said
stairway; and, (2) appellee carelessly and negligently
allowed said stairs to be so highly waxed and polished
that same were slick and highly dangerous to customers,
and particularly to the appellant. The appellee answered
with a general denial.

At the conclusion of the testimony, the trial court
instructed the jury that the appellant had failed, as a
matter of law, to meet the burden of proving that there
was some foreign substance on the stairway, and under

the circumstances, the jury should not consider any allegations of a foreign article being on the stairway in determining whether the appellee was guilty of negligence. The court did submit to the jury the issue of whether or not the appellee's stairway was so highly waxed and polished as to be slick and dangerous to customers. The jury considered this issue and returned a verdict in favor of appellee. This appeal follows.

For reversal, the appellant contends (1) the court erred in sustaining the appellee's motion for a directed verdict for the appellee's negligence as to the foreign article on its stairway, and (2) the court erred in instructing the jury that they were to disregard any evidence as to a foreign article being on appellee's stairway.

The appellant testified: ''I started up the steps — and when my foot hit the second step — my right foot — it hit something, I would not say what, but it just rolled enough to start me, and I tried to catch with my other foot, and my other foot hit that slick step and I slid — it was slick as glass, and I slipped the complete length of that, and my left foot hit the side of the wall over there and turned my foot.''

The record reveals that the accident occurred shortly after the store had opened for business that morning and there is a complete lack of testimony as to whether any other person besides the appellant had used the stairway that particular morning, before the accident. There is evidence to the effect that the store cleaning crew had polished the floors and stairway the night before the accident. But there is a complete lack of evidence as to what type of foreign article the appellant slipped on and how long this article was permitted to lie on appellee's floor.

On the record presented, we have reached the conclusion that the trial court was correct in directing the jury not to consider any allegations of a foreign article being on the stairway in determining whether the appellee was guilty of negligence.

This court in *Kroger Grocery and Baking Company* v. *Dempsey*, 201 Ark. 71, 143 S.W. 2d 564, a case involving injury to a customer, said:

"It must be conceded under the testimony that appellee stepped on a banana peel and fell. We think, however, after a review of the testimony, that there is an absence of any evidence as to how the banana peel came to be upon the floor or how long it remained there prior to appellee's fall.

"It seems to be uniformly held in cases of this character that where a customer falls as a result of slipping upon some foreign object or substance, and there is no substantial proof showing that the store owner knew of its presence, or in the exercise of ordinary care should have known of its presence, there can be no recovery. In other words, it is necessary to show by substantial testimony the length of time the object had been on the floor or that it got there through the negligence of the defendant or its employees. negligence is never presumed, but must be proved by the party alleging it." See also *Davis* v. *Safeway Stores, Inc.*, 195 Ark. 23, 110 S. W. 2d 695; *Safeway Stores, Inc.*, v. *Moseley*, 192 Ark. 1059, 95 S. W. 2d 1136.

We think the rule laid down in these cases controls here.

Affirmed.