OWEN *v.* KROGER CO.

5-3313                                                      382 S. W. 2d 192

Opinion delivered September 28, 1964.

*George F. Hartje, Jr.,* and *Moses, McClellan, Arnold, Owen & McDermott* and *James R. Howard,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

GEORGE ROSE SMITH, J. This is an action by Ed Owen and his wife to recover damages for personal injuries and loss of consortium resulting from Mrs. Owen's having slipped and fallen upon a banana peel on the floor of the Kroger Company's grocery store at Conway. At the close of the plaintiffs' proof the trial court directed a verdict for the defendants (the company and its local manager) on the ground that the peel was not shown to have been on the floor sufficiently long for the defend-

ants to be chargeable with negligence in having failed to discover it. *Kroger Gro. & Baking Co.* v. *Dempsey,* 201 Ark. 71, 143, S. W. 2d 564. The sufficiency of the evidence is the only question before us.

The fall took place between 10:30 and 11:00 in the morning. Mrs. Owen testified that as she was leaving the check-out counter she stepped on a slippery object and fell and hurt herself. She said that ''one of the boys'' (apparently a store employee) picked up a large dark object and said that it was a banana peeling. Mrs. Turnbow, the clerk at the counter, exclaimed: ''I'm sorry, Mrs. Owen, but there was small boys in here eating bananas earlier this morning.''

Giving the proof its strongest force in favor of the plaintiffs we think an issue of fact was made. The jury might reasonably have believed that the boys bought the bananas in the store, in which case their peelings would be apt to be yellow rather than dark in color. The darkening process, as we all know, takes time. Moreover, the clerk's expression, ''earlier this morning,'' ordinarily connotes something more than the lapse of a very short time, as the appellees suggest. Had the interval been extremely brief Mrs. Turnbow might be expected to have said ''a few minutes ago,'' or words to that effect. At the very least there is an area of uncertainty that entitles the plaintiffs to the benefit of our doubts until the defendants come forward with more explicit testimony. If the plaintiffs were required to show the exact time when the peeling was dropped the defendants would be right in arguing that the answer lies in the realm of speculation. But the plaintiffs' burden was merely to show that the interval, though indefinite, was substantial. We think their testimony fairly supports that inference.

Reversed.