FREEMAN v. JONES.

5-3723 396 S. W. 2d 931

Opinion delivered December 20, 1965.

*Jeff Mobley* and *William R. Bullock,* for appellant.

*Joe Goodier* and *K. M. Parsley,* for appellee.

GEORGE ROSE SMITH, J. In August of 1963 the appellee Cena Belle Jones and her husband George Jones were involved in a collision between a pickup truck in which they were riding and a gasoline truck being driven by the appellant, J. D. Freeman. Two months after the accident

George Jones suffered a fatal heart attack. Mrs. Jones was appointed administratrix of his estate. She brought this action for her own personal injuries and for her husband's wrongful death, alleging that his heart attack was attributable to the injuries he sustained in the collision. The jury awarded Mrs. Jones $7,500 for her own injuries, but the verdict was against Mrs. Jones in her capacity as administratrix. The only question presented by the direct appeal is whether the verdict in favor of Mrs. Jones is excessive.

George Jones was driving the pickup truck. Mrs. Jones testified that she was thrown against the windshield with such force that the glass was shattered. In addition to the ensuing injuries to her head and neck she sustained a cut over her eye, lacerations to her face, and injuries to her shoulder, her arm, her chest, and her leg. Fine particles of glass were embedded in her scalp and face, remaining there for as much as a month. For the first week after the accident she was unable to sleep or even to lie down. She was confined to a hospital for four days and incurred medical expenses that may have been as much as $500. (The exact figure cannot be determined, for some of the medical bills included services rendered to both the husband and the wife.) At the trial, eighteen months after the accident, Mrs. Jones testified that she had not completely recovered, that she still suffered pain in her neck and in her arm.

The responsibility for determining the recoverable damages in an action for personal injuries is primarily and peculiarly a matter for the jury. We are not at liberty to disturb the verdict unless the award is so palpably excessive that it shocks the conscience of the court or indicates that the jurors were motivated by passion or prejudice. *Alexander* v. *Botkins,* 231 Ark. 373, 329 S. W. 2d 530 (1959). We cannot say that the allowance in this case is so excessive as to demand corrective action on our part.

By cross appeal Mrs. Jones contends that the trial court erred in directing a verdict in favor of the other

two defendants, Al Morgan and American Oil Company. We find no merit in either contention.

Mrs. Jones alleged in her complaint that at the time of the collision Freeman was driving a gasoline truck owned by his employer, Al Morgan. She rested her case, however, without having offered any substantial evidence to show that Morgan owned the truck or that he was Freeman's employer. The state police officer who investigated the accident was called as a witness by the plaintiff. She now relies upon this excerpt from the officer's testimony to establish her case against Morgan:

"Q. I'll ask you if on August 19, 1963, you investigated an accident on Highway 27 out here approximately two and a half miles from Dardanelle, between—that occured between one George T. Jones and a truck owned by Al Morgan and driven by one J. D. Freeman?

"A. Yes, sir, I did."

True, the question *assumed* that Morgan owned the truck, but in our opinion the officer's answer cannot be regarded as anything more than a statement that he investigated the accident. He certainly was not being called upon to express an opinion, which could only have been based upon hearsay, that Morgan was in fact the owner of the truck. We may fairly put the question: Could this officer have been convicted of perjury upon proof that Morgan did not own the truck? Obviously not. The court was right in dismissing the action against Morgan when the plaintiff elected to rest her case.

The third defendant was American Oil Company. Mrs. Jones testified that the name of this company (or at least the word "American") was painted on the gasoline truck. There is no proof, however, either that the company owned the truck or that the driver, Freeman, was its employee. Thus the case does not present the fact situation that was involved in cases such as *Mullins* v. *Ritchie Grocer Co.,* 183 Ark. 218, 35 S. W. 2d 1010 (1931). To the contrary, Freeman, testifying for the defendants after the action against Morgan had been dismissed, stated that he was employed by Morgan and that Morgan

owned the gasoline truck. This uncontradicted testimony rebuts any inference that the jury might otherwise have drawn from the fact that American's name was painted on the gasoline truck. Even though Freeman's testimony is not to be considered as undisputed, there is still no affirmative evidence to show that Freeman was acting as the agent or employee of American Oil Company.

Affirmed.