EARNEST BAILEY JR. AND LAWRENCE DAVIS *v.*
VICKIE SUE BRADFORD ET AL

5-4446                                        423 S. W. 2d 565

Opinion delivered February 5, 1968

*Joe P. Melton* and *Charles A. Walls Jr.,* for appellants.

*Martin, Dodds & Kidd* and *Lowber Hendricks Jr.,* for appellees.

GEORGE ROSE SMITH, Justice. On a November afternoon in 1964, the plaintiff-appellees, Mr. and Mrs. Earnest Bradford and their seven-year-old daughter Vickie Sue, were passengers in a car traveling north through the city of Cabot. While the car was waiting for a line of traffic to move forward it was struck from the rear by a truck owned by the appellant Bailey and being driven by his employee, the appellant Davis. There is no question about the appellants' liability: Davis, aged

77, admitted that he did not even see the Bradford car before the collision. This appeal is from a verdict and judgment for $30,000 in favor of Vickie Sue.

The point that has given us the greatest concern is the appellants' contention that the court erred in instructing the jury that they might consider whether Vickie Sue's injuries were temporary or permanent and might consider any pain and suffering reasonably certain to be experienced by her in the future. AMI 2202 and 2205.

On the issue of permanency the testimony amply supports the giving of the instruction. Vickie Sue suffered a brain injury, evidenced by bleeding from her nose, mouth, and ears, and by a discharge of spinal fluid from both ears. She was at first in a very critical condition and did not regain consciousness for four or five days. Upon similar facts we held in *Duckworth* v. *Stephens*, 182 Ark. 161, 30 S. W. 2d 840 (1930), that the injury of itself indicated its permanency. Other facts confirming that conclusion will be mentioned in a moment.

The difficult question is that of future pain and suffering, because those elements of damage are to be submitted to the jury only if they are "reasonably certain" to be experienced in the future. AMI 2205; *McCord* v. *Bailey*, 195 Ark. 862, 114 S. W. 2d 840 (1938); *St. Louis, I. M. & S. Ry.* v. *Bird*, 106 Ark. 177, 153 S. W. 104 (1913). Here the medical testimony falls short of meeting that test of submissibility. Dr. Weber testified that there is a good possibility that the child had suffered permanent brain damage that might lead to epileptic seizures or convulsions in the future. A "good possibility," however, does not meet the standard of reasonable certainty laid down in the *Bird* case and other decisions to the same effect.

Nevertheless, there is testimony by lay witnesses that supports the trial court's action in the matter.

Vickie Sue's mother testified that at the time of the trial, more than two years after the accident, Vickie Sue still had a fear of riding in an automobile, still had trouble with her speech, and still suffered headaches. The child's father testified that Vickie Sue could not carry on a conversation "without getting tangled up with her words and having to stop."

We must conclude that the lay testimony, which the jury were at liberty to accept despite the absence of expert corroboration (*Western Union Tel. Co.* v. *Byrd*, 197 Ark. 152, 122 S. W. 2d 569 [1938]), made an issue for the jury. Even though headaches and speech difficulties are not equally as serious as other injuries from which Vickie Sue made what the doctors called a remarkable recovery, they are certainly not negligible elements of damage. To the contrary, the pain resulting from recurrent headaches has been recognized in scores of our opinions as a proper basis for compensatory damages. Decidedly similar to this case is *Arkansas Drilling Co.* v. *Gross*, 179 Ark. 631, 17 S. W. 2d 889 (1929). Finally, if those consequences of the accident had continued for more than two years at the time of trial the jury could fairly conclude that they were reasonably certain to afflict Vickie Sue in the future.

The appellants' other contention is that the $30,000 award is excessive. We think not. It seems almost a miracle that Vickie Sue's injuries were not fatal. As we have said, there was bleeding from her nose, mouth, and ears, and a drainage of spinal fluid from her ears. She was unconscious or nearly so for some thirteen or fourteen days, during which she did not regain her ability to talk. The use of her right hand was impaired for about three months. She had difficulty in remembering things at school for six months. At the time of the trial she still suffered speech difficulties, a "jumping" of her left eye, and headaches. She still faces the grim possibility of future epileptic seizures and convulsions. The size of the verdict is not so great as either to indi-

cate passion and prejudice on the part of the jury or to shock the conscience of this court. In such circumstances it is our duty to uphold the award. *Freeman* v. *Jones*, 239 Ark. 1143, 396 S. W. 2d 931 (1965).

Affirmed.