CHARLENE MOORE *v.* J. W. WILLIS
D/B/A THE FRIENDLY BUTCHER

5-4541                                        426 S. W. 2d 372

Opinion delivered April 15, 1968

*Kenneth Coffelt,* for appellant.

*Hardin & Richard,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant asserts error on the part of the trial court in directing a verdict against her in her suit against appellee for damages for personal injuries allegedly sustained by reason of her fall inside the front entrance of appellee's store. Evidence on behalf of appellant showed: Rain started falling a little before 2 p.m. on the day of her fall. While the rain was continuous, it was not raining very hard when she left a PTA meeting about 3:30 p.m. or when she entered appellee's store about 4 p.m. She walked to her car which was parked directly in front of the building where the PTA meeting was held and from her car parked directly in front of appellee's store into the store. She was not wearing a raincoat. The rain had been harder earlier. She stated that she slipped and fell at a point about four to six feet inside the front double-swinging doors. She realized that her feet had hit something wet and slick as she was falling. As she arose, she could feel that her clothing was wet and her left hand wet and dirty. After arising, she observed the floor

looked wet and was not perfectly clean, as if people had been "tracking in all afternoon." She had some substance on her hand and on the seat of her dress. She described the spot where she fell as pretty dirty and wet. It looked as if water and dirt had been tracked in from the outside.

No presumption of negligence arises from the mere fact that a customer sustains a fall while in a store. *Miller* v. *F. W. Woolworth Co.*, 238 Ark. 709, 384 S. W. 2d 947. A storekeeper is not an insurer of his patrons against any and all hazards which may be encountered on his premises. *Kroger Grocery & Baking Co.* v. *Dempsey*, 201 Ark. 71, 143 S. W. 2d 564. He is liable to a patron who is injured as a result of slipping on some foreign substance or object on the floor where it is shown by the evidence, or is reasonably inferable therefrom, that the foreign matter was negligently placed or left on the floor by the storekeeper or one for whose acts he is responsible, or that the matter had remained on the floor a sufficient length of time that the storekeeper knew, or, in the exercise of ordinary care, should have known of its presence. *Kroger Grocery & Baking Co.* v. *Dempsey, supra; Deason* v. *Boston Store Dry Goods Company*, 226 Ark. 667, 292 S. W. 2d 261, 61 ALR 2d 170.

Obviously, it is impossible for a store owner to prevent some water and mud from being brought through an entranceway on the shoes and clothing of persons entering on a rainy day. Here, there was no evidence of the length of time the floor had been wet or dirty nor was any circumstance shown that indicated that appellee or his employees either knew or should have known that this condition existed. The strongest inference that can be drawn from appellee's testimony is that during the period of the rainfall, customers entering the store had tracked water and dirt into the store and that some of this had accumulated at the spot at which she fell. The burden was on appellant to show that the interval

between the time this accumulation took place and the time of her fall was substantial. *Owen* v. *Kroger Grocery Co.*, 238 Ark. 413, 382 S. W. 2d 192. There is no evidence from which a jury might determine, without speculation or conjecture, that the accumulation of water and dirt tracked in by, or dropped from the clothing and umbrellas of, persons entering the store became sufficiently great or dangerous that it should have been observed by appellee or his employees in time to give opportunity for its removal prior to the entry and fall of appellant.

Appellant does not point out clearly the exact facts upon which she relies to establish negligence on the part of appellee, or from which an inference of negligence might be drawn. She urges that we reverse the trial court upon the authority of *Menser* v. *Goodyear Tire & Rubber Co.*, 220 Ark. 315, 247 S. W. 2d 1019. The case at bar is clearly distinguishable. In *Menser* there was testimony that the substance on the floor appeared to be floor wax that had not been spread smoothly. According to the testimony, the substance was in thick and thin strips over a spot two to three feet in diameter. This court held that a jury question was presented because the customer fell in the middle of the day, and, if the spot was the result of waxing the floors, sufficient time had elapsed for properly finishing the job. Furthermore, it was said that the character of the place of business and the extent and nature of the spot were such that it would not be reasonable to assume that some customer had recently inadvertently dropped the wax-like substance on the floor. Appellant contends here that the moisture and dirt were tracked in by customers. As previously pointed out, there is no indication of the time any accumulation should have come to the attention of appellee.

In a case where a passenger claimed injury from slipping upon pieces of ice and snow in the vestibule of a street car from which she was debarking, we held that

it must have been shown that the carrier permitted the accumulation of ice and snow or that it had been in the vestibule of the car such a length of time as to afford an opportunity for removal before negligence could be inferred. *Turner* v. *Hot Springs Street Ry. Co.*, 189 Ark. 894, 75 S. W. 2d 675.

The evidence was not sufficient to justify any inference of negligence on the part of appellee.

The judgment is affirmed.