J. WEINGARTEN, INC. v. Jean THOMPSON

5-5736                                      475 S.W. 2d 697

Opinion delivered February 7, 1972.

Smith, Williams, Friday, Eldredge & Clark, for appellant.

Howell, Price, Howell & Barron; By: Richard J. Orintas, for appellee.

GEORGE ROSE SMITH, Justice. This is a slip-and-fall case arising from the appellee's having fallen on December 20, 1969, in the appellant's grocery store in North Little Rock. The jury awarded $2,400 damages to the plaintiff. The appellant's only contention is that the trial judge should have directed a verdict in its favor.

There is no dispute about the law. The plaintiff, to recover, must show either that the presence of the object or substance which caused her fall was the result of the defendant's negligence or that it had been on the floor for such a length of time that the defendant should have known of its presence and failed to use ordinary care to remove it. AMI (Civil) 1105 (1965). In this instance the appellee argues that there was substantial evidence to show that the object or substance had been on the floor for a sufficient length of time to support a finding of a negligent failure to remove it.

Mrs. Thompson, the plaintiff, was carrying her infant granddaughter when she fell. She testified that as she was walking down an aisle in the store her feet flew out from under her. She observed a green or dirty looking liquid that was smeared or tracked on the floor. "It looked green or dirty. I just assumed it was a green liquid detergent. I don't know. But there was quite a large puddle of it there." She indicated that the area of the puddle was less than four feet.

Mrs. Brust, another customer in the store, saw Mrs. Thompson fall. This witness said that "the only impression I have of what was on the floor it just appeared to me just—like something from the vegetable counter. Leafy. Kind of old green color, and her foot had slid through or something had slid through it."

She said that the leaf was dark green, almost blackish green. The produce counter was pretty far away from the scene of the fall.

Bill Wilkins, the manager of the store, testified that the floor was stripped and waxed with a non-slip wax once a week, on Monday night. (The accident was on Saturday afternoon.) During the week two maintenance men, working on successive shifts, were instructed to sweep, spot mop, and buff the floor throughout the day. The main job of the two men was to take care of the floor. In addition, all the employees were instructed at monthly meetings to see that anything broken or dropped was cleaned up. Wilkins testified that after the accident all he saw on the floor was a spot about the size of a quarter, where someone had spat on the floor. He also testified that a green vegetable, such as lettuce, would have to be on the floor at least two days for it to turn a dark color.

We find the evidence sufficient to support the verdict. Mrs. Brust, unlike the plaintiff and the store manager, was apparently a completely disinterested witness. The jury were free to accept her statement that the plaintiff slipped on a dark green leaf, at some distance from the produce counter. According to the manager, such a leaf must have been on the floor for at least two days.

The manager's other testimony did not necessarily overcome the plaintiff's prima facie case. The manager merely outlined the instructions that he customarily gave his staff. He did not state as a matter of personal knowledge that the floor had been swept within two days before Mrs. Thompson's fall. In fact, no one so testified, as neither of the maintenance men was called as a witness. We should evidently have to pass upon the credibility of the witnesses to overturn this verdict. That is not within our province.

Affirmed.

FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree that the question presented to us is one of credibility of witnesses or that the question presented to the circuit judge on motion for a directed verdict required any consideration of credibility. Appellee offered one version of the occurrence which did not give any indication that the "puddle" had been on the floor for any substantial length of time, as would be required for recovery. Her testimony did not make any showing that appellant was negligent. *Jackson* v. *Hemphill,* 245 Ark. 699, 434 S. W. 2d 818; *Moore* v. *Willis,* 244 Ark. 614, 426 S. W. 2d 372. This version is not even sufficient to make a jury question under the holding in *Menser* v. *The Goodyear Tire and Rubber Company,* 220 Ark. 315, 247 S. W. 2d 1019, where the substance looked like floor wax, and it appeared that someone had either tried to apply it or remove it.

On the other hand, the witness called by appellee gave an entirely different description of the foreign substance on the floor, which, coupled with the testimony of the store manager, presented a jury question as to negligence and liability. Still, this version, completely inconsistent with appellant's, is no more probable than that recited by appellee. Juries should not be permitted to speculate as to the proximate cause of an injury in choosing between two equally probable causes. *Turner* v. *Hot Springs Street Ry. Co.,* 189 Ark. 894, 75 S. W. 2d 675. Where the testimony leaves the matter uncertain and shows that any one of two or more things may have caused an injury, for one of which the defendant would be liable and the others he would not, there can be no verdict for the plaintiff. *Missouri P. R. Co.* v. *Hampton,* 195 Ark. 335, 112 S. W. 2d 428. When evidence is consistent with either of two inconsistent hypotheses, it tends to prove neither. *Stambaugh* v. *Hayes,* 44 N. M. 443, 103 P. 2d 640 (1940); *N. L. R. B.* v. *Standard Oil Co.,* 124 F. 2d 895 (10th Cir. 1941); *Bussman* v. *N. L. R. B.,* 111 F. 2d 783 (8th Cir. 1940); *P. F. Collier & Son Co.* v. *Hartfeil,* 72 F. 2d 625 (8th Cir. 1934); 32A C. J. S. 819, Evidence § 1042. When a plaintiff produces evidence consistent with a hypothesis that defendant is not negligent and also offers evidence consistent with a hypothesis that he is, the proof estab-

lishes neither. *Gunning v. Cooley,* 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720 (1930).

I respectfully dissent and would reverse the judgment.

I am authorized to state that Mr. Justice Jones joins in this dissent.