SAFEWAY STORES, Inc. *v.* Worthie WADDY

5-6086 486 S.W. 2d 683

Opinion delivered November 27, 1972

*Gannaway, Darrow & Hanshaw,* for appellant.

*Martin, Dodds, Kidd, Hendricks & Ryan,* for appellee.

GEORGE ROSE SMITH, Justice. This is a slip-and-fall case arising from the appellee's having fallen while shopping in the appellant's grocery store in Little Rock. The jury returned a verdict for the plaintiff for $10,000, which is not questioned as being excessive. The appellant's only contention for reversal is that the trial judge should have directed a verdict in its favor.

The case is quite similar to *J. Weingarten, Inc.* v. *Thompson,* 251 Ark. 914, 475 S.W. 2d 697 (1972), where we adhered to our rule that in cases such as this one the plaintiff must show either that the presence of the object or substance which caused her fall was the result of the defendant's negligence or that it had been on the floor for such a length of time that the defendant should have known of its presence and failed to use ordinary care to remove it. Here, as in *Weingarten,* the appellee argues that her proof showed that the object had been on the floor long enough to support a finding of a negligent failure to remove it.

Mrs. Waddy testified that she entered the store at about 12:30 p.m. and had shopped for about 20 minutes when she fell. She then looked around and saw that she had slipped on produce of some kind, which she thought to be a lettuce leaf. It was "green looking, been tramped over and wilted on the floor." There was more

than one piece; it was "up and down" near the vegetable end of the produce counter. It was dark in color and "bruised like." Some of it was brown colored, or yellow, and appeared wilted. It looked as if it had been there for some time.

Here, as in *Weingarten,* the defendant's proof failed to overcome the plaintiff's prima facie case. C. H. Coleman, the first store employee to assist Mrs. Waddy after her fall, was somewhat indefinite about which of three employees had the duty of sweeping the floor.

The defendant relied primarily upon the testimony of R. L. Thomas, the employee who testified that he swept the floor on the day in question and was required to keep a monthly record of four daily sweepings. That record for the month in question was introduced, but the jury may well have been unimpressed by it. The form required the employee to write down "the exact time" of each sweeping. Thomas testified that he would write down the time when he finished each sweeping. He said that it took him about 20 minutes to sweep the store "if they don't call me for something else." He also said that the times would vary, for "they'll call me to gather in the buggies or something like that."

Despite the understandable variations in Thomas's schedule, which he explained with candor, the monthly record relied upon contains entries so monotonously uniform with respect to time as to raise a doubt about the veracity of the record. For instance, with respect to the third daily sweeping, on 20 of the 26 business days in the month Thomas recorded his finishing time as "1 P M." On four of the other days it was "1 30 P M." On only one day in the entire month was that third sweeping recorded as having been before one o'clock. On that day, April 9, the finishing time was recorded as 12:45 P.M. As plaintiff's counsel pointed out to the jury, that was the day on which Mrs. Waddy fell, at about 12:50. Merely from the appearance of the sweeping record itself the jury could justifiably have concluded that the entries did not reflect the truth. Furthermore, the jury could have

476

considered the amount of debris on the floor, as described by Mrs. Waddy, in determining whether the store employees should have known of its presence. On the record as a whole we find substantial evidence to support the verdict.

Affirmed.

FOGLEMAN and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I dissented in *J. Weingarten, Inc.* v. *Thompson*, 251 Ark. 914 (1972), 475 S.W. 2d 697, and dissent here. I consider the evidence here at least as unsubstantial as it was in *Weingarten*. I still am unable to comprehend why the credibility or incredibility of the defendant's witnesses has any place in our determining whether the defendant's motion for a directed verdict should have been granted.

I would reverse the judgment in this case, too.

I am authorized to state that Mr. Justice Jones joins in this dissent.