Viola LEDFORD *v.* GAS MART CO., INC.

75-193                                    531 S.W. 2d 11

Opinion delivered December 22, 1975

*Robert E. Irwin,* for appellant.

*Laser, Sharp, Haley, Young & Boswell,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Viola Ledford, brought this negligence action, seeking to recover for a "slip and fall" on the premises of appellee's self-service gas station. Appellant contended that the fall was caused by

appellee's negligence in leaving oil on the driveway where appellant fell. At the close of appellant's evidence, the trial court directed a verdict for appellee on the grounds that appellant had sued the wrong entity — Gas Mart Co., Inc., rather than Gas. Mart Co., the actual name of appellee — and that in any event appellant had failed to present any substantial evidence of appellee's alleged negligence. From the judgment so entered, appellant appeals, arguing that the trial court erred by directing a verdict on these two grounds.

Since we are of the view that there was no substantial evidence presented with reference to negligence on the part of appellee, there is no need to discuss the first ground for granting the directed verdict. Ms. Ledford, a resident of Atkins, testified that she went to the Gas Mart on December 18, 1968, for the purpose of putting gasoline in her automobile . . . it had rained, but was not raining at the time. She got out of her car, picked up the nozzle on the machine . . . pumped the gas into her car . . . walked back to the pump and hung the nozzle on the hanger . . . then started back to her car and fell. She did not observe any grease before she fell, but after falling, observed a space with grease or oil on it.[1] She also observed grease on her blue jeans where she had fallen. Appellant then paid the office attendant for the gasoline, commenting to him, "You got some grease on your driveway. You ought to put something on it." This constituted all of the evidence offered on behalf of appellant as far as the manner in which the fall occurred. No evidence was presented that showed any employee of appellee was responsible for the oil or grease spot on which she slipped, or that the oil or grease had been on the driveway for such a length of time that the operator should have known of its presence. Appellant recognizes that under our cases, she has the burden to show either that the employee placed a substance which caused her injury on the driveway, or that it had been there for a sufficient length of time that the operator should have known of its presence. However, it is contended that since appellee is a self-service station, and the customers serve themselves, the usual rule should not apply. From the brief:

---

[1]The size of the space cannot be determined from the record, the testimony reflecting, "Approximately that much space with grease or oil or something on it."

"By the very nature of this business the jury could have inferred that to let customers pour oil and pump gas into their own cars was conducting a dangerous business operation."

No compelling reasons are offered to support this argument. Appellant did not call the supervisor or operator of the station as a witness to determine whether any effort was made to keep the premises safe, nor did appellant offer any evidence from other witnesses that the driveways of the station were regularly covered with oil and grease. In *Moore v. Willis*, 244 Ark. 614, 426 S.W. 2d 372, this court said:

"No presumption of negligence arises from the mere fact that a customer sustains a fall while in a store. *Miller v. F. W. Woolworth Co.*, 238 Ark. 709, 384 S.W. 2d 947. A storekeeper is not an insurer of his patrons against any and all hazards which may be encountered on his premises. *Kroger Grocery & Baking Co. v. Dempsey*, 201 Ark. 71, 143 S.W. 2d 564. He is liable to a patron who is injured as a result of slipping on some foreign substance or object on the floor where it is shown by the evidence, or is reasonably inferable therefrom, that the foreign matter was negligently placed or left on the floor by the storekeeper or one for whose acts he is responsible, or that the matter had remained on the floor a sufficient length of time that the storekeeper knew, or, in the exercise of ordinary care, should have known of its presence. *Kroger Grocery & Baking Co. v. Dempsey, supra; Deason v. Boston Store Dry Goods Company*, 226 Ark. 667, 292 S.W. 2d 261, 61 ALR 2d 170."

As stated, we presently see no reason why a different rule should apply to the case before us than was applied in the cases cited.[2]

Affirmed.

---

[2]Cases cited by appellant deal with the constitutionality of city ordinances in two sister states which prohibit the operation of self-service filling stations, and have no application to the facts at hand.