HANDY DAN HOME IMPROVEMENT CENTER, INC.
- Arkansas *v.* Eugene PETERS

85-9                                   689 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Wright, Lindsey & Jennings*, for appellant.

*Greene Law Office*, by: *Brent Baber*, for appellee.

JOHN I. PURTLE, Justice. The jury awarded appellee the sum of $12,500 in his slip and fall suit against the appellant. On appeal it is argued that the trial court erred in giving an instruction on future pain and suffering and permanent injury and in not directing a verdict for the appellant at the close of the appellee's case. With these two arguments we do not agree and accordingly affirm the judgment.

On September 28, 1983, the appellee went into appellant's store for the purpose of purchasing merchandise. While in the store he stepped into some kerosene and fell thereby injuring his arm and shoulder. A few minutes before the appellee fell another customer had knocked over a can of kerosene and part of it spilled on the floor. An employee of appellant estimated that the spill occurred about ten minutes before appellee fell. Appellant's employees testified they were in the process of cleaning up the spill when appellee slipped and fell. There is no dispute of the fact that appellee slipped and fell in the kerosene which a customer spilled. The employees testified that the area was barricaded by use of shopping carts and a chair. The appellant indicated he was in search of a shopping cart when he walked onto the kerosene. There is a direct dispute in the evidence as to the manner of containment of the substance and the degree of protection offered by appellant.

The appellant must have been negligent in allowing the substance to be on the floor or have failed to use ordinary care to remove it before liability attaches. *Weingarten, Inc.* v. *Thompson*, 251 Ark. 914, 475 S.W.2d 697 (1972); *Owen* v. *Kroger Company*, 238 Ark. 413, 382 S.W.2d 192 (1964); AMI 1105. There is no evidence abstracted reflecting negligence on the part of the appellant in allowing the kerosene to spill on the floor. There is substantial evidence that the appellant did not use ordinary care in removing the substance or protecting the public from being injured by such action as described by the appellee. Appellant's employees observed the spill of the kerosene as well as the slip and fall by the appellee. One employee tried to warn the

appellee to not walk into the kerosene but it was too late by the time he noticed the appellee. The photographs introduced by appellant as depicting the scene were taken several days after the injury and no doubt the jury took this into consideration. We hold that the court properly presented the issue of negligence to the jury. See *Pfeifers of Arkansas* v. *Rorex*, 225 Ark. 840, 286 S.W.2d 1 (1956).

██ The other argument by the appellant is that the court erred in instructing the jury on the matter of future pain and suffering and permanent disability. The trial court apparently gave AMI 2213 (a) and (b) on damages over appellant's objection that there was no evidence of future pain and suffering or permanent injury. Evidence of future pain and suffering and permanent disability must be established with reasonable certainty and it must not be left up to speculation or conjecture on the part of the jury. *Welter* v. *Curry*, 260 Ark. 287, 539 S.W.2d 264 (1976); *McCord* v. *Bailey and Mills*, 195 Ark. 862, 114 S.W.2d 840 (1938). Permanency may be established by the nature and extent of the injury. *Duckworth* v. *Stephens*, 182 Ark. 161, 30 S.W.2d 840 (1930). Persistency of the injuries is a matter to be considered. *Belford* v. *Humphrey*, 244 Ark. 211, 424 S.W.2d 526 (1968). Although medical testimony may fail to present a jury question on future pain and suffering, lay testimony may be used to present the issue to the jury. *Bailey and Davis* v. *Bradford*, 244 Ark. 8, 423 S.W.2d 565 (1968).

The appellee had been treated by several doctors. One physician testified (stipulated) that appellee had probably torn the rotator cuff in his shoulder and that surgery had been discussed. Several months after the injury the doctor stated an examination of the shoulder revealed abduction to only about 80°. Internal and external rotation was limited to about 60° of normal. He also stated there appeared to be muscle atrophy and neurological deficit reaching the infra spinatus and posterior deltoid. The final doctor's report, made about five months after the injury, indicated appellee was still suffering pain but not enough to require surgery at the time. Several lay witnesses, including the appellee, stated appellee still held his regular job but he could not do as much work as he did before the injury. His own estimate was that he could do two-thirds of the work he did previously. He was a butcher and it was necessary for his employer to have other employees do part of his work. The

injuries still caused him pain at the time of the trial and had been stable about three months. He further testified he could no longer paddle a boat and therefore could not fish like he did before. Other witnesses testified that appellee was still taking medication and appeared to still be suffering pain.

There is a reasonable inference from the treating physician that the appellee will continue to have pain in the future and that he has some residual disability. Additionally there was testimony by appellee and his acquaintances that he was still complaining of pain and taking medication. Also, there was testimony that he could not do as much work as he could before the injury. If there is substantial evidence to support the judgment below we must affirm. *Kelly* v. *Cessna*, 282 Ark. 408, 668 S.W.2d 944 (1984).

Affirmed.

HICKMAN, J., not participating.