C. E. JACKSON AND THE KROGER COMPANY v.
TOY C. HEMPHILL

4738                                            434 S.W. 2d 818

Opinion Delivered November 25, 1968
[Rehearing denied January 13, 1969.]

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellants.

*Gordon, Gordon & Eddy* for appellee.

LYLE BROWN, Justice.     This is a slip-and-fall case. Mrs. Hemphill recovered judgment against The Kroger Company and the manager of its Morrilton store, C. E. Jackson.     Defendants appeal from the refusal of the trial court to grant motions for a directed verdict which were made at the conclusion of plaintiff's testimony and again at the close of all the testimony.

On the question of liability Mr. and Mrs. Hemphill were claimant's only witnesses and their testimony can be summarized in a few sentences.     Around its modern store in Morrilton, Kroger maintains an asphalt parking area of considerable size, with marked spaces.     The Hemphills drove onto the lot on a Saturday in September.     It was around noon and the weather was fair and sunny.     The parking spaces appeared to be filled so Mr. Hemphill parked in an unmarked area in the general proximity of the front doors to the store.     As Mrs. Hemphill alighted from the car she stepped on a banana, the color of which was yellow "and it was turning dark." After Mrs. Hemphill was helped to her feet, the store manager was directed to the scene where he retrieved the remains of the banana and threw it in a nearby trash can.

Appellant Jackson, the store manager, described the precautions customarily followed to reduce the danger of accidents such as Mrs. Hemphill's.     He checks the outside early each morning when the lot is free of cars.     The employees delivering groceries to customers' cars are instructed to pick up any foreign objects on the parking lot.     The area is swept periodically.     He has no employee whose exclusive responsibility is to pick up debris on the parking lot.

We agree with appellee's counsel that this case hinges on whether the proof is adequate to show the banana to have been on the parking lot for a time sufficient to find appellants negligent in failing to discover it.     There was no testimony as to when, or by whom,

the banana was deposited on the lot, or from whence it came.

The only evidence shedding light on the time element is the condition of the banana. It is evident that the peeling contained either all or a substantial part of the pulp. Mrs. Hemphill testified that a good portion of the pulp stuck to her shoe and her husband removed it. She said it was in the shape of an unpeeled banana and it squashed when she stepped on it. As to color, she said the banana "was yellow and it was turning dark." Her husband testified: "I really—the banana was yellow, and it was beginning to turn dark, and it was squshed."

There are numerous cases from other jurisdictions wherein the condition of the foreign object is used with approval to determine the length of time it has remained in a particular place where it is likely to cause injury. A case often cited in that regard is *Anjou* v. *Boston Elevated Ry. Co.*, 94 N.E. 386 (Mass. 1911). The banana peel on the carrier's platform was described in these terms: "It felt dry, gritty, as if there were dirt on it," . . . "trampled over a good deal," . . . "flattened down, black in color, . . . " There it was held that those descriptions made a jury question on time element. In a much later case a banana peeling was described as "four inches long, all black, all pressed down, dirty, covered with sand and gravel, dry and gritty looking." It was held those facts warranted an inference of negligence on the part of the bus company or its servant. *Scaccia* v. *Boston Elevated Ry. Co.*, 57 N.E. 2d 761 (Mass. 1944). To the same effect see *Great Atlantic & Pacific Tea Co.* v. *Popkins*, 69 So. 2d 274 (Ala. 1953).

It was incumbent on Mrs. Hemphill to show by substantial testimony that the banana had been in the parking area an unreasonable length of time. *Kroger Grocery & Baking Co.* v. *Dempsey*, 201 Ark. 71, 143 S.W. 2d 564 (1940). The most she established was that a yellow

banana, which she found in the early stages of changing color, had been dropped or thrown by an unknown person, in the area near where her husband parked. That proof does not begin to carry the strength of the evidence which we have recited from approved cases.

A problem similar to the case at bar is found in *Owen* v. *Kroger Co.*, 238 Ark. 413, 382 S.W. 2d 192 (1964). There we held that a case was made for the jury as to the length of time the banana peeling had been on the floor. But there the jury could have found that the peeling had been left on the floor for a substantial time by small boys; that a store employee was aware that the boys had been eating bananas in the store earlier in the day; that the intervening time was sufficient to cause the peeling to become dark; and that the store employees failed to take reasonable precaution to discover the presence of the object. Another distinction between *Owen* and this case is that in *Owen* the peeling was *inside* the store. Common knowledge would dictate that a foreign object in an aisle inside the store would, or should, ordinarily be discovered sooner than if the same object were placed on a parking lot. That is because most store personnel are confined to the store quarters and are constantly working the aisles.

This case must be reversed and, as was done in Dempsey, dismissed, since it appears to have been fully developed.

Reversed and dismissed.

HARRIS, C.J., dissents.

The Chief Justice is of opinion there was sufficient evidence to take the case to the jury and would affirm.