J. M. HEAD *v.* UNITED STATES FIDELITY & GUARANTY CO.

5-5120                                                       448 S. W. 2d 941

Opinion delivered January 12, 1970

[Rehearing denied February 9, 1970.]

*Jeff Duty,* for appellant.

*Gannaway & Darrow* and *Lance Hanshaw,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from a summary judgment in favor of the plaintiff, U. S. F. & G. In several respects the case is similar to *U. S. F. & G. v. Wells,* 246 Ark. 255, 437 S. W. 2d 797 (1969). Each case was an aftermath of the insolvency and ultimate

bankruptcy of Kern-Limerick, Inc. That concern, in its last days, wrongfully exposed installment vendees of its equipment to double liability, by transferring the purchaser's promissory note to one assignee and the underlying conditional sales contract to another. In the *Wells* case we held that U. S. F. & G., having acquired its note from a holder in due course, was entitled to the rights of such a holder and took the note free from defenses that might have been asserted against the original payee. That decision is controlling upon the principal substantive point in the present litigation and is so recognized by the parties.

This appellant urges two points for reversal that were not presented in the *Wells* case.

First, it is argued that the trial court erred in rejecting an unverified amendment to the appellant's answer, on the ground that it was filed too late. In view of the facts we find no abuse of discretion. The defendant's first answer to the complaint was in substance a one-sentence general denial. The plaintiff, on the basis of admissions of fact made by the defendant, filed its first motion for summary judgment. Four days before that motion was to be heard the defendant filed an amended answer setting up affirmative defenses. That pleading was sworn to by the appellant. On January 3, 1967, the court denied the first motion for summary judgment, pointing out that the defendant had interposed affirmative defenses.

On October 3, 1968, the plaintiff filed a second motion for summary judgment, supported by affidavits controverting the asserted affirmative defenses. That motion was set for hearing on February 25, 1969. On that morning the defendant, without leave of court, filed an unsworn amendment to his answer, asserting for the first time that the equipment for which the defendant's note had been given had been repossessed by Kern-Limerick with the consent of the original holder in due

course of the note. The trial court, in rejecting the proffered amendment, pointed out that it was not verified, that it was filed almost five months after the plaintiff's second motion for summary judgment, that it was filed more than two years after the defendant's assertion of other affirmative defenses, and that the change of position indicated by the new pleading related to a matter that should have been known to the defendant and his counsel for more than two years. The court concluded: "To now allow such an amendment without motion and without notice seems to the court to be unfair." We think it evident from the facts that there was no abuse of the circuit court's broad discretion in such matters. *Brewer v. Howell*, 227 Ark. 517, 299 S. W. 2d 851 (1957). Under the circumstances an unverified pleading was not a substitute for the counteraffidavits expressly contemplated by the statute. Ark. Stat. Ann. § 29-211(c) (Repl. 1962).

Secondly, the appellant insists that the trial court's denial of the plaintiff's first motion for summary judgment was *res judicata* of the second motion. The issues, however, were not the same, because the asserted affirmative defenses that defeated the first motion had been rebutted by affidavit when the second motion was considered. Hence a renewal of the motion was permissible in the interest of justice. Moore's Federal Practice, § 56.14[2] (2d ed. 1966).

Affirmed.