## Captola LEMAY *v.* W & R CORPORATION

77-101                                         558 S.W. 2d 154

Opinion delivered December 12, 1977
(Division II)

*Friday, Eldredge & Clark,* by: *Frederick S. Ursery,* for appellant.

*Laser, Sharp, Haley, Young & Boswell,* for appellee.

FRANK HOLT, Justice. This is a slip and fall case. The appellant fell on the parking lot of the Jacksonville Shopping Center. The parking lot is owned by the appellee. The appellant alleged that her fall and injuries resulted from stepping on an unknown wet substance on the parking lot. The jury awarded her damages and the trial court entered a judgment n.o.v. for the appellee on the basis that the appellant failed to prove her allegation that the substance had been on the parking lot for an unreasonable period of time as required by law. Appellant contends for reversal that substantial evidence was presented that the substance had been on the parking lot for such a length of time that the appellee should have known of its presence and failed to use ordinary care to remove it. We agree with the trial court.

The appellant testified that, after shopping in one of the stores, she fell in the parking lot of the shopping center when she stepped on a greasy spot approximately 3" by 8" long. This occurred about 5 p.m. on a sunny day. She described the spot as being grayish in color and it had soaked into the parking lot asphalt. Her sister, who was with her, testified that the greasy light substance had soaked into the asphalt and she could not identify it. According to the investigating police officer, the slippery spot on the asphalt "had soaked in a little bit and I really don't know what it was." The original circle caused by the substance appeared to have shrunk or gotten smaller. Appellee's parking lot attendant testified that he worked about two hours in the mornings and only removed paper and trash from the area.

It was necessary for the appellant to present substantial evidence that the substance had been on the parking lot for an unreasonable period of time. *Kroger Grocery and Baking Co. v. Dempsey,* 201 Ark. 71, 143 S.W. 2d 564 (1940). The determination of whether a foreign substance has remained on the owner's premises for an unreasonable time, depends upon the location of the foreign substance on the owner's premises. A foreign substance is more readily discoverable inside a store than in a parking area. This court's recognition of this distinction is based upon the fact that "common knowledge" dictates "that a foreign object in an aisle inside the store

would, or should, ordinarily be discovered sooner than if the same object were placed on the parking lot. That is because most store personnel are confined to the store quarters and are constantly working the aisles." *Jackson and Kroger Co.* v. *Hemphill,* 245 Ark. 699, 434 S.W. 2d 818 (1968). See also *Ledford* v. *Gas Mart Co., Inc.,* 259 Ark. 1, 531 S.W. 2d 11 (1975).

Here, giving appellant's proof its strongest probative force, we think it is insubstantial. The most she established was that there existed an unknown slippery substance on the shopping center parking area that had partially soaked into the asphalt and debris was removed only during the morning hours. It would require speculation as to what the substance was and the length of time it had been on the asphalt surface. To hold otherwise would be placing too great a duty upon the owner, as here, of the premises.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.