## Olga COLLYARD *v.* AMERICAN HOME ASSURANCE COMPANY

80-247                                               607 S.W. 2d 666
Supreme Court of Arkansas
Opinion delivered November 24, 1980

*Gibbs & Henry, P.A.*, by: *Gary R. Gibbs* and *D. Scott Hickam*, for appellant.

*Laser, Sharp & Huckabay, P.A.*, for appellee.

DARRELL HICKMAN, Justice. Olga Collyard, a seventy-

three year old woman, sued the American Home Assurance Company for injuries that she alleged resulted from a slip and fall at the Hot Springs YMCA. The suit was filed directly against the insurance company because the YMCA is a charitable organization.

The Garland County Circuit Judge granted the insurance company's motion for summary judgment, which we find to have been in error.

The appellant filed a complaint alleging that the YMCA was negligent in permitting water to remain on the floor and that such negligence caused the accident. The insurance company simply filed a general denial and set up specifically the defense of contributory negligence and assumption of risk. The company's motion for summary judgment was not supported by an affidavit or by any evidence that the YMCA was not negligent; it was supported only by the deposition of Collyard.

In the deposition, Collyard did state that she did not know how the water got there or how long it had been on the floor. Because of this statement the judge ruled that the fact was not an issue as to whether the YMCA had acted negligently. This decision was based on several of our cases which hold that the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence. It must be proved that the substance was negligently placed there or allowed to remain. *LeMay* v. *W. & R. Corp.*, 262 Ark. 530, 558 S.W. 2d 154 (1977). While that is a correct statement of the law it does not relate to whether summary judgment should have been granted.

The trial judge ruled that since the appellant did not respond to the motion by a counter-affidavit or proof that the water had been negligently placed there or allowed to remain there, the fact was not in issue. Rules of Civil Procedure, Rule 56, was cited for this conclusion.

Rule 56 makes no such requirement. The appellant alleged negligence on the part of the YMCA. The appellee never controverted this allegation by affidavit or other proof.

It simply offered the deposition of Collyard that *she* did not know how the water got there or how long it had been there. The appellee and trial judge mistakenly presumed that the burden was on Collyard to come forward with additional proof on this issue. The burden in a summary judgment proceeding is on the moving party; it cannot be shifted when there is no offer of proof on a controverted issue. The object of a summary judgment is not to try the issues but to determine if there are issues of fact. *Ashley* v. *Eisele*, 247 Ark. 281, 445 S.W. 2d 76 (1967).

Whether the YMCA was negligent remained a fact in issue. If appellant had offered proof that the YMCA was not negligent, then Collyard would have had to produce a counter-affidavit or proof refuting the offer. But that was not the case. The appellee based its motion only on the deposition of Collyard, the plaintiff. The allegation in the complaint remained uncontroverted and Collyard should be permitted to present other evidence on that fact.

The trial court implied that Collyard's own negligence caused the accident. It is wrong to say as a matter of law that she is barred from recovery because of her own negligence simply because she saw the water before the fall. That is a jury question.

Reversed and remanded.