Andy McKAY and Myrna McKAY *v.* ST. PAUL INSURANCE CO.

86-93                                        711 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered July 14, 1986

*Rubens & Rubens*, by: *David C. Peeples*, for appellant.

*Rieves & Mayton*, by: *Ted Mackall, Jr.*, for appellee.

JOHN I. PURTLE, Justice. This suit arose out of an injury which occurred on October 16, 1981, when the appellant Andy McKay slipped and fell in a substance in the hallway of Crittenden Memorial Hospital. Based upon the answer, discovery depositions and an affidavit, the trial court granted appellee's motion for a summary judgment. We think the trial court erred in granting the summary judgment.

Appellant Andy McKay was a security employee for the Crittenden Memorial Hospital. St. Paul Insurance Company is the liability carrier for the hospital. On the date of the occurrence other employees of the hospital were stripping and waxing the floor near where the appellant fell. After taking appellant McKay's deposition, the appellee moved for a summary judgment. The appellants took the discovery depositions of the employees who were working on the floor on the date of the occurrence and the affidavit of Johnny Brown. The affidavit stated that Brown owned and operated a janitorial service in West Memphis, Arkansas and had been so engaged in excess of 15 years. He stated that floor cleaners or maintenance personnel should not leave wax or water on the floor because it is a danger to people walking in such areas. He stated that it was negligence to leave puddles of liquids on the floors. The discovery deposition of Richard Gist was taken on October 17, 1985. He stated he was one of the employees who had been working on the floor near where the fall had occurred. It was he who mopped up the liquid after McKay had fallen. He stated they had been working inside a roped-off area but were in the process of removing the equipment

and returning it to the storage area. In describing the substance Mr. Gist stated:

> [I]t could have been anything, you know. It could have been something that we was using that might have dripped from the Roto as we was putting it up, but I couldn't swear to that. I just know it was a spot. It was skidded, a foot mark had been through it, so I couldn't really say what it was.

Mr. Gist went on to state that the substance on the floor could have been put there by the cleaning crew.

Mr. McKay stated that the spot where he fell was about 5 feet from the roped-off area. He stated that the buckets which the floor waxers had been using were sitting close to the pharmacy, beyond the spot where he fell. In other words, according to the appellant he fell at a place somewhere between the roped-off area and the place where the mops and buckets, which had been used to clean the floor, were resting.

In order to grant a summary judgment the court must have found that reasonable minds could not have reached different conclusions based upon the pleadings, depositions, and affidavits in the file at the time the motion is acted upon. *Leigh Winham Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). In considering a summary judgment the court must find from the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed that there is no genuine issue of a material fact and as a matter of law the moving party is entitled to judgment. *Hurst* v. *Feild*, 281 Ark. 106, 661 S.W.2d 393 (1983). In testing the proof in a proceeding pursuant to a motion for summary judgment, the court must not only consider the written material but all reasonable inferences deducible therefrom viewed in a light most favorable to the party against whom the motion is directed. *Clemens* v. *First Natl. Bank* v. *Berryville*, 286 Ark. 290, 692 S.W.2d 222 (1985).

The pleadings, depositions, and affidavits filed in this case, considered in the light most favorable to the appellant, together with all reasonable inferences and deductions therefrom, leave genuine issues of fact to be determined. Therefore, the trial court erred in granting the motion for summary judgment.