.503

Grier DENNIS, Appellant v. WAL-MART STORES, INC., Respondent.

(392 S.E. (2d) 810)

Court of Appeals

*Dallas D. Ball* and *R. Scott Dover*, Pickens, *for appellant.*

*Dana C. Mitchell, III*, and *David C. Cleveland* of *Mitchell, Bouton, Yokel & Edwards*, Greenville, *for respondent.*

Heard April 16, 1990.

Decided May 29, 1990.

SANDERS, Chief Judge:

This is a slip and fall case. Appellant Grier Dennis sued respondent Wal-Mart Stores, Inc., alleging he slipped and fell while using the restroom in a Wal-Mart Store. Mr. Dennis alleged three causes for his having slipped and fallen: (1) an oily substance on the restroom floor; (2) a defective restroom door; and (3) the fact that the restroom was dark. The trial judge removed from consideration by the jury the allegations relating to the oily substance. The jury returned a verdict for Wal-Mart. Mr. Dennis appeals. We affirm.

The trial judge based his ruling on the principle that:

> In order for appellant to recover damages for injuries caused by a dangerous or defective condition on respondent's premises, appellant must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.

*Anderson v. Racetrac Petroleum, Inc.*, 296 S.C. 204, 205, 371 S.E. (2d) 530, 531 (1988), *citing Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E. (2d) 695 (1969) and *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E. (2d) 262 (1957). In the instant case, there was no evidence that the oily substance was caused by a specific act of Wal-Mart or that Wal-Mart had actual or constructive knowledge that the oily substance was on the restroom floor.

Mr. Dennis argues that, "because the restroom was locked and the defendant controlled access to it, the defendant should have checked after each use to make sure it was safe." (Though not expressly stated, this argument, in essence, pervades his brief, and his lawyer agreed in oral argument that this is precisely the rule he argues for on appeal.) He concedes that he is unable to cite any authority in support of his argument. To adopt the rule he advocates might result in safer public restrooms, but it would surely result in fewer public restrooms. In any event, the fact that the restroom

was locked affords no basis to depart from the well-settled principle on which the trial judge relied. Nor is the fact that the restroom was locked any reason to impute constructive knowledge of the oily substance to Wal-Mart.

For these reasons, the judgement of the Circuit Court is

Affirmed.

GARDNER and CURETON, JJ., concur.