Ralph DIEBOLD *v.* Arthur VANDERSTEK and Grace Vanderstek, His Wife, d/b/a Vanguard Properties

90-223                                              799 S.W.2d 804

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*Carney & Cooper Law Firm, P.A.*, by: *Mark F. Cooper*, for appellant.

*Elcan & Sprott*, by: *Frank C. Elcan II*, for appellee.

JACK HOLT, JR., Chief Justice. This is a slip and fall case. On December 17, 1984, the appellant, Ralph Diebold, fell on the parking lot of a shopping center owned by the appellees, Arthur and Grace Vanderstek d/b/a Vanguard Properties. Diebold filed a complaint on December 4, 1987, and alleged that his fall and injuries resulted from having stepped on a green, slimy substance that had accumulated on the parking lot through the Vandersteks' negligence.

The trial court granted the Vandersteks' motion for summary judgment, and Diebold appeals claiming that the trial court abused its discretion in granting the motion for summary judgment. We disagree and affirm.

In *McKay* v. *St. Paul Ins. Co.,* 289 Ark. 467, 711 S.W.2d 834 (1986), we stated that:

> In order to grant a summary judgment the court must have found that reasonable minds could not have reached different conclusions based upon the pleadings, depositions, and affidavits in the file at the time the motion is acted upon. In considering a summary judgment the court must find from the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed that there is no genuine issue of a material fact and as a matter of law the moving party is entitled to judgment. In testing the proof in a proceeding pursuant to a motion for summary judgment, the court must not only consider the written material but all reasonable inferences deducible therefrom viewed in a light most favorable to the party against whom the motion is directed. [Citations omitted.]

We also noted in *Collyard* v. *American Home Assurance Co.,* 271 Ark. 228, 607 S.W.2d 666 (1980) (citing *LeMay* v. *W. & R. Corp.,* 262 Ark. 530, 558 S.W.2d 154 (1977)), that the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence. It must be proved that the substance was negligently placed there or allowed to remain.

In this case, the Vandersteks attached their affidavit to the motion for summary judgment and stated that "at no time prior

to December 17, 1984, were they aware of any foreign substance on the parking lot at all, nor had anyone in their employment placed such a substance there, been made aware of the existence of any foreign substance on the lot, or been asked to remove any such substance." They also incorporated in their brief in support of the motion Diebold's deposition testimony, which established that Diebold had no knowledge of the length of time the substance had been on the parking lot the day that he fell, nor did he have any specific knowledge that the Vandersteks knew about the substance being on the parking lot on, or prior to, the date he fell.

Diebold's response, in the form of his and his wife's affidavits, merely recounts the incidents pertaining to his fall and outlines his injuries rather than containing any specific facts with reference to the Vandersteks' alleged negligence.

In *Turner v. Baptist Medical Center*, 275 Ark. 424, 631 S.W.2d 275 (1982), we stated that ARCP Rule 56(e), our summary judgment procedure, requires that proof offered to meet a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. The affidavits must set forth facts that would be admissible in evidence. Rule 56(e). "The purpose of the summary judgment procedure is to permit the court to ascertain at an early stage whether there is any factual issue which requires a trial." D. Newbern, Arkansas Civil Practice and Procedure §26-6 (1985).

The pleadings, depositions, answers to interrogatories, and affidavits filed in this case, considered in the light most favorable to Diebold, together with all reasonable inferences and deductions therefrom, do not leave genuine issues of fact to be determined.

Affirmed.