995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda THOMAS, Plaintiff-Appellant,
v.
CONSOLIDATED STORES/BIG LOTS, Defendant-Appellee.
 No. 92-2002.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 30, 1993.
Decided: June 17, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. William B. Traxler, Jr., District Judge. (CA-91-2689-4)
 Richard G. Dusenbury, Dusenbury & Snow, P.A., Florence, South Carolina, for Appellant.
 Saunders M. Bridges, Jr., Gena Phillips Ervin, Bridges, Orr, McEachin, Derrick & Ervin, Florence, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Linda Thomas appeals from the district court's order granting summary judgment in favor of Consolidated Stores/Big Lots ("Big Lots") in Thomas' personal injury action. Because no issue of material fact exists to overcome Big Lots' summary judgment motion, we affirm.
 
 
 2
 Thomas was shopping in Big Lots' Lake City, South Carolina, store when she slipped on some bird seed that was scattered on the aisle floor. After she fell, Thomas noticed an open bucket or canister of bird seed at the end of the aisle near the door to the employees' lounge. She did not observe employees in the area until after she fell and an employee arrived to render assistance.
 
 
 3
 Claiming that she sustained serious injuries from her fall, Thomas sued Big Lots on the grounds that it knew or should have known about the bird seed on the floor and failed to remove it.* Big Lots filed a motion for summary judgment on the ground that Thomas could not show that Big Lots knew or should have known about the presence of the bird seed or created the hazardous condition and therefore could not recover against the store. After a hearing, the district court granted Big Lots' motion for summary judgment. Thomas timely appealed.
 
 
 4
 This Court reviews a grant of summary judgment de novo, applying the same standards employed by the district court. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). Summary judgment is proper only when it is clear that there is no genuine dispute concerning either the facts material to the controversy or the reasonable inferences to be drawn from those facts. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987). When reviewing a summary judgment motion, the appellate court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). To avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248.
 
 
 5
 The standard under South Carolina law for slip and fall cases is well established:
 
 
 6
 [T]o recover damages for injuries caused by a dangerous or defective condition on [defendant's] premises,[plaintiff] must show either (1) that the injury was caused by a specific act of the [defendant] which created the dangerous condition; or (2) that the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it.
 
 
 7
 Dennis v. Wal-Mart Stores, Inc., 392 S.E.2d 810, 810-11 (S.C. App. 1990) (citations omitted). Under either test, Thomas failed to present sufficient evidence to overcome a summary judgment motion.
 
 
 8
 Thomas presented no evidence that an employee left the open bucket or canister by the employee lounge door or that any employees were aware of the open container or the bird seed on the floor. Nevertheless, Thomas contends that the following inferences may be drawn from the location of the container by the employee lounge and create a genuine dispute as to material facts: (1) an employee placed the bucket by the lounge or (2) because the bucket was near the lounge, employees knew or should have known about it and the dangerous condition it created, but failed to remedy it.
 
 
 9
 The fact that the open bucket was near the employee lounge is insufficient to create an inference that an employee created the hazardous condition. There is nothing to link the location of the bucket and the spilled bird seed to an employee.
 
 
 10
 Thomas presented no evidence from which a reasonable jury could infer that Big Lots knew about the spilled seed and failed to remove it. Furthermore, under South Carolina law, Thomas did not present sufficient evidence from which a reasonable jury could infer that Big Lots should have known about the spilled seed. In South Carolina slip and fall cases, the mere presence of a spilled substance is insufficient to show that a storekeeper should have known about the condition. Constructive knowledge of dangerous conditions can be established "by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care." Gillespie v. Wal-Mart Stores, Inc., 394 S.E.2d 24, 24-25 (S.C. 1990). No evidence was presented concerning how long the bird seed had been on the floor. Construing the facts and the reasonable inferences to be drawn from the facts, there is no evidence from which a reasonable jury could infer that the bird seed was on the floor for a sufficient length of time to give Big Lots constructive notice of the spilled bird seed.
 
 
 11
 For these reasons, we affirm the district court's entry of summary judgment for Big Lots. We grant the parties' Joint Motion to Submit on Briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Thomas filed her complaint in the Court of Common Pleas of Florence County, South Carolina, and then Big Lots removed the action to federal district court