Vicki BRUNT *v.* FOOD 4 LESS, INC.

94-284                                            885 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered October 31, 1994

*Lesher & Cochran*, by: *Ernest L. Cochran*, for appellant.

*Kenneth Breckenridge, P.A.*, by: *Kenneth Breckenridge*, for appellee.

STEELE HAYS, Justice. This appeal is from a summary judgment in a slip and fall case. On May 17, 1993, appellant Vicki Brunt slipped and fell at a Food 4 Less Store in Hot Springs. She brought this action against Food 4 Less, Inc. for injuries sustained in the fall. The trial court granted summary judgment upon a finding there were no genuine issues of material fact. Ms. Brunt appeals from that order. We agree with the trial court.

Ms. Brunt contends she had taken two or three steps down an aisle when she slipped in mop water which was placed on the floor by an agent of Food 4 Less. In her deposition, Ms. Brunt admitted she did not see anyone pour any substance on the floor and she did not know how long the substance had been there. She stated she did not have any knowledge that Food 4 Less knew any substance was on the floor. However, Ms. Brunt stated she

had seen an employee mopping the aisles at the front of the store. She believed the water on the floor came from the mopping. She saw no warning signs. Although Ms. Brunt saw the employee mopping at the front of the store, she did not see any mopping in the area where she fell.

In support of its motion for summary judgment, Food 4 Less presented the affidavit of Mr. James Rosamond and the deposition of Mr. Shannon Donley. Mr. Donley, the assistant night manager at the time of the incident, stated a floor check had been conducted fifteen to forty minutes prior to the incident. He said it was the store's policy to conduct a floor check "every hour or so." Further, Mr. Donley stated a pink colored, "neutral cleaner" and water are used to mop the floor and the substance on the floor was not the cleaner.

Mr. Rosamond, an employee of Shine & Glo Janitorial Service working under contract at Food 4 Less, stated he dust mopped the entire store and did not notice any kind of spillage in the area where Ms. Brunt fell. About thirty minutes later, he began mopping the front of the store. Around that same time, Ms. Brunt fell in the Health and Beauty section which is several aisles away. Further, he stated the substance in the area where Ms. Brunt fell seemed to be a "hand lotion solution."

■ Summary judgment should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Hickson* v. *Saig*, 309 Ark. 231, 828 S.W.2d 840 (1992). A summary judgment should not be granted where reasonable minds could differ as to the conclusions they could draw from the facts presented. *Lee* v. *Doe et al.*, 274 Ark. 467, 626 S.W.2d 353 (1981). The burden of proving there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party resisting the motion. *Wyatt* v. *St. Paul Fire & Marine Ins.*, 315 Ark. 547, 868 S.W.2d 505 (1994). Any doubts and inferences must be resolved against the moving party. *Wyatt, supra; Pinkston* v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988); *Cross* v. *Coffman*, 304 Ark. 666, 805 S.W.2d 44 (1991). The burden in a summary judgment proceeding is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue. *Wyatt, supra; Collyard* v. *American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980). When the movant

makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing genuine issue as to a material fact. *Wyatt, supra; Harrell* v. *International Paper Co.*, 305 Ark. 490, 808 S.W.2d 779 (1991).

On appeal, Ms. Brunt's sole argument is that the presence of the substance on the premises was the result of Food 4 Less's negligence. Ms. Brunt makes no contention that the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. She maintains there was mopping in front of the aisles and she fell in mop water and thus there is a reasonable inference that Food 4 Less was negligent. In response, Food 4 Less contends the substance was not the cleaning solution used for mopping the floor and no employee had mopped near the area where Ms. Brunt fell.

> The law is well settled that the appellee owes the invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition. *Dye* v. *Wal-Mart Stores, Inc.* 300 Ark. 197, 777 S.W.2d 861 (1989); *Johnson* v. *Arkla, Inc.,*299 Ark. 399, 771 S.W.2d 792 (1989). In order to prevail in a slip and fall case, the appellant must show either (1) the presence of a substance upon the premises was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the appellee knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Dunklin*, 307 Ark. 12, 817 S.W.2d 873; *Safeway Stores, Inc.* v. *Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986); see also AMI Civil 3rd, 1105. The mere fact that a person slips and falls does not give rise to an inference of negligence. *J.M. Mulligan's Grille, Inc.* v. *Aultman*, 300 Ark. 544, 780 S.W.2d 554 (1990). Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *Willmon*, 289 Ark. 14, 708 S.W.2d 623.

*Derrick* v. *Mexico Chiquito*, 307 Ark. 217, 819 S.W.2d 4 (1991).

The problem here is we are unable to determine the exact location where Ms. Brunt fell or where Mr. Rosamond was mopping. For that matter, Mrs. Brunt's assertion that the substance was mop water was equivocal:

Q: Was the substance you fell in mop water or what-ever you want to call it?

A: I guess.

Q: Is that what it appeared to be to you?

A: It appeared to be water to me.

Q: Did it have any suds on it or soap?

A: Not that I seen.

Nor did Ms. Brunt see Mr. Rosamond mopping in the specific area where she fell. Her abstract makes reference to a diagram showing where she fell and where the mopping was occurring. However, the diagram is not abstracted and, thus, is of no assistance to us in establishing a correlation between the mopping and the fall. It is not enough to simply allege that there was mopping on the premises.

In a comparable case, *Boykin* v. *Mr. Tidy Car Wash, Inc.*, 294 Ark. 182, 741 S.W.2d 270 (1987), we reversed the granting of a directed verdict. Appellant Boykin slipped and fell at the appellee's place of business, a full service car wash. The appellant contended he slipped in soapy water which was present as a result of the appellee's negligence. He stated "the water and soap was coming from cars exiting the wash rack and that he was fairly certain that 'this [the water and soap from rinsed cars] is what caused [him] to fall.'" A frequent customer of the appellee stated that approximately six feet away from where Mr. Boykin fell, an employee of the car wash was rinsing off cars as they exited the car wash rack.

Similarly, in *McKay* v. *St. Paul Ins. Co.*, 289 Ark. 467, 711 S.W.2d 834 (1986), we reversed the granting of a motion for summary judgment. Appellant McKay slipped and fell in a substance in the hallway of Crittenden Memorial Hospital. On the date of the incident, employees of the hospital were stripping and waxing the floor near where the appellant fell. The employees had been working in a roped-off area, but they were in the process of removing the equipment. The appellant stated the spot where he fell was about five feet from the roped-off area. According to the appellant, the spot was between the roped-off area and

the place where the mops and buckets, which had been used to clean the floor, were resting. One employee, who had been working on the floor and mopped up the liquid after the appellant had fallen, stated the substance could have been placed there by the cleaning crew.

In those cases, however, a correlation between the defendant's activity and the foreign substance creating the risk was demonstrated. Hence, it could not be said that reasonable minds could come to but one conclusion.

Appellant relies on the case of *Collyard* v *American Home Assurance Co.*, 271 Ark. 228, 607 S.W.2d 666 (1980), where we reversed a summary judgment granted in a slip and fall case. The plaintiff had alleged the defendant was negligent in permitting water to remain on the floor causing her injury. The defendant countered with a general denial, pleading contributory negligence. The motion for summary judgment was not supported by an affidavit or any evidence that the defendant was not negligent, it relied entirely on the plaintiff's admission that she did not know how the water got there or how long it had been on the floor.

*Collyard* bears similarities to the case at bar, but there are differences which are controlling: for one thing, the trial court implied that the plaintiff's own negligence caused her injury since she saw the water before she fell. That was error, because her contributory negligence, if any, was clearly for the jury to decide. Second, the trial court mistakenly presumed the burden was on the plaintiff to produce additional proof of negligence in response to the summary judgment motion, whereas it remained the movant's burden when there was no offer of proof on a controverted issue.

We conclude, after reviewing the abstracted record in the light most advantageous to appellant, that there were no material issues of fact and no evidence from which fair minded people could have concluded without speculation that appellee was liable for appellant's injuries. No error having been demonstrated, the order is affirmed.