2010 Ark. App. 18

**ALL CREATURES ANIMAL HOSPITAL, INC. and Marion Smith, Appellants**

v.

**FINOVA CAPITAL CORPORATION, Appellee.**

**No. CA 09–435.**

Court of Appeals of Arkansas.

Jan. 6, 2010.

Walthall Law Firm, Malvern, by: G. Christopher Walthall, for appellants.

Michael D. Snell, Little Rock; and Smith Debnam Narron Drake Saintsing & Myers, LLP, by: Byron L. Saintsing, of counsel, for appellee.

WAYMOND M. BROWN, Judge.

Appellee Finova Capital Corporation sued appellants All Creatures Animal Hospital and Marion Smith, D.V.M., alleging that the hospital had breached a lease of certain office equipment.[1] The Garland County Circuit Court entered summary judgment in Finova's favor. The hospital now appeals, raising five points for reversal. We affirm.

On March 31, 1994, the hospital entered into a written lease for office equipment manufactured by Recomm International Display Corporation ("Recomm"). Finova's predecessor-in-interest provided financing for the transaction and was assigned Recomm's rights in the transaction. In 1996, Recomm and its affiliated companies filed for Chapter 11 bankruptcy protection in United States Bankruptcy Court for the Middle District of Florida. The hospital was one of over 12,000 lessees of Recomm's equipment. In March 1996, the bankruptcy court enjoined all lessors and lessees from pursuing claims against one another.

A debtor's plan of reorganization was filed. The plan included a modification of the agreements between Finova and its lessees, which provided for several lease-payment options. The bankruptcy court entered an order confirming the reorganization plan on May 13, 1998. The confirmation order released Finova from all

---

1. Because Smith pleaded no guarantor's defenses, we refer to the appellants, collectively, as the hospital.

claims that otherwise may have been raised by the lessees in connection with the matters occurring prior to the June 30, 1998 effective date of the confirmation order.

On June 30, 1998, Finova sent the hospital a letter, which advised it of the modifications to their lease agreement and presented them with options to pay the amount owed under the lease as modified. The hospital failed to select a payment option and was deemed to have selected "Option 4," which obligated the hospital to pay the balance due over a period of time. On May 31, 2002, Finova filed suit in the Pulaski County Circuit Court, alleging that the hospital was in breach of the modified agreements and was, therefore, liable to Finova in the amount of $12,868.91.

The hospital filed a motion to dismiss based on improper venue in Pulaski County and the running of the statute of limitations. By agreed order, the case was transferred to Garland County Circuit Court. Thereafter, the hospital amended its motion to dismiss so as to withdraw the statute of limitations as a defense.

On October 26, 2006, Finova filed its motion for summary judgment against the hospital. Finova also filed the affidavit of Ellen Brandt, a portfolio manager, in which she set out the history of the transaction and Recomm's bankruptcy. Brandt also averred that the hospital made nineteen payments prior to the bankruptcy filing, that the hospital had failed to make any payments under the modified lease, and that the hospital owed $12,868.91.

In response, the hospital contended that there were two issues of material fact: whether the hospital had received proper notice of the bankruptcy proceedings and the amount owed under the lease. Attached to the response was the affidavit of Marion Smith stating that the hospital had not received any of the notices of the bankruptcy case, that the payout history attached to Brandt's affidavit was inaccurate, and that the hospital did not owe the amounts claimed in Brandt's affidavits because some payments had been made. The affidavit of Paul Hogue was also submitted. Hogue stated that he could not, under any scenario, verify that Finova's calculation of the amount due of $12,868.91 was accurate. He also said that Finova may have calculated interest on interest in determining the amount due, which he opined violated the Arkansas Constitution's prohibition against usury. Finally, Hogue said that he had not had access to the raw data on which Finova's calculations were based.

The motion for summary judgment was heard before Judge David Switzer in July 2008. The main issues argued were whether the hospital was bound by the bankruptcy court's confirmation order and the amount owed by the hospital. The court ultimately denied the motion based on its finding that there was an unresolved legal issue—whether the hospital had been served with process in the bankruptcy case. The court reserved the right to revisit the issue "if and when" the parties file supplemental motions and briefs on the issue. The court also indicated that, if the hospital was bound by the confirmation order, summary judgment would be granted for Finova.

Finova filed a "Supplemental and Additional Motion for Summary Judgment" on November 19, 2008. The motion was identical to the earlier motion. Copies of the earlier affidavits submitted by Ellen Brandt and Marion Smith were attached to the motion, as was a copy of the order denying the earlier motion. In its response to the supplemental motion, the hospital asserted that Finova had not addressed the inaccuracies in Brandt's affidavit such as payments being posted to the

account prior to Finova's acceptance of the lease or the hospital's claim that the lease was usurious.

The circuit court held a hearing on the supplemental motion for summary judgment on December 15, 2008. The hearing focused on the notice issue left unresolved from the prior hearing. The hospital argued that Ellen Brandt's affidavit could not show that the hospital had been served because Brandt was not the party who mailed the notices from the bankruptcy court. The circuit court found that the hospital was bound by the confirmation order from the bankruptcy court and granted the motion for summary judgment. The court also found that the hospital's usury defense had to be resolved before the bankruptcy court.

On January 9, 2009, the circuit court[2] entered its written order granting summary judgment to Finova. The court found that Finova had resolved the legal issue that had been left unresolved in the earlier hearing and was entitled to judgment as a matter of law. The court awarded Finova judgment of $12,868.91, together with attorney's fees of $2,573.78. The court also awarded both pre- and postjudgment interest.

On January 20, 2009, the hospital filed a motion for reconsideration, asking the court to reconsider its decision on the usury issue. The hospital also asserted that the statute of limitations began to run when the bankruptcy court entered its order approving the reorganization plan and barred the action. The circuit court denied the motion for reconsideration by order entered on January 22, 2009. This appeal timely followed.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.,* 2009 Ark. 506, 342 S.W.3d 274. The moving party is then entitled to judgment as a matter of law. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

For its first point, the hospital argues that the circuit court erred in granting summary judgment because Finova's claim was barred by the statute of limitations. The hospital has waived this issue by withdrawing the statute of limitations as a defense.

The statute of limitations is an affirmative defense that must be specifically pled to be considered by the circuit court. *See State Office of Child Support Enforcement v. Morgan,* 364 Ark. 358, 219 S.W.3d 175 (2005). When the affirmative defenses listed in Ark. R. Civ. P. 8(c) are not pled, the circuit court errs in considering them. *Id.* The hospital filed its motion to dismiss and asserted that the statute of limitations barred the claim. However, the hospital later filed an amended motion to dismiss in which it withdrew the statute of limitations as one of its defenses. The

2. Judge David Switzer left the circuit-court bench on January 1, 2009, and was replaced by Judge Lynn Williams, who entered the order from which this appeal was taken.

withdrawal of the defense constituted abandonment of that defense.

The hospital's second point concerns the propriety of summary judgment and the hospital's defense of usury. In its argument, the hospital asserts that there were material issues of fact as to whether the lease was usurious.

The hospital failed to raise a genuine issue of material fact so as to preclude summary judgment. The hospital failed to offer any proof as to what the maximum rate of interest was either at the time of the contract or at the time of the bankruptcy court's confirmation order. The burden is on the party claiming usury to prove it. *Girley v. Wood,* 258 Ark. 408, 525 S.W.2d 454 (1975); *Davidson v. Commercial Credit Equip. Corp.,* 255 Ark. 127, 499 S.W.2d 68 (1973). Paul Hogue stated in his affidavit that the interest on the lease *may* have violated the Arkansas Constitution's prohibition against usury by calculating interest on interest. Hogue also said he did not have access to the raw data on which Finova's calculations were based. An affidavit that is equivocal or uncertain is insufficient to create an issue of material fact so as to preclude summary judgment. *Brunt v. Food 4 Less,* 318 Ark. 427, 885 S.W.2d 894 (1994). Moreover, the hospital did not attempt to obtain the underlying data so that Hogue could make a definitive calculation.

For its third point, the hospital argues that Finova's supplemental and additional motion for summary judgment was barred by res judicata. Res judicata applies only where there has been a final judgment on the merits. Here, there had been no final judgment. Until the entry of a final judgment, the circuit court is free to revisit the issue of summary judgment. *See Looney v. Looney,* 336 Ark. 542, 986 S.W.2d 858 (1999) (setting out the elements of res judicata and holding that the application of res judicata to further proceedings in the same lawsuit is inappropriate). In this case, the court granted summary judgment after resolving the legal issue of whether the hospital had been properly served in the original bankruptcy case. In such circumstances, the second motion is not barred by res judicata. *Head v. United States Fid. & Guar. Co.,* 247 Ark. 928, 448 S.W.2d 941 (1970); *Clark v. Progressive Ins. Co.,* 64 Ark.App. 313, 984 S.W.2d 54 (1998).

The hospital's fourth point is that the circuit court erred in granting summary judgment because there is an issue of material fact. However, the hospital does not identify what that issue might be. The alleged issue arose in 2006 when Finova's counsel sent the circuit court a letter cancelling a scheduled hearing on the motion for summary judgment because the then-attorney for the hospital had created an issue of fact. The letter did not state what that issue was. Without knowing what the issue is, we cannot say the circuit court erred in granting summary judgment based on a finding that there were no issues of fact to be determined. The burden was on the hospital as the appellant to bring up a record sufficient to demonstrate that the circuit court was in error. *Warnock v. Warnock,* 336 Ark. 506, 988 S.W.2d 7 (1999). The hospital has failed to meet its burden. Therefore, we have no choice but to affirm on this point.

Finally, the hospital argues that summary judgment was improper because Finova failed to comply with Ark. R. Civ. P. 56. The hospital first argues under this point that Finova never responded to its claim of usury. As the hospital points out in its argument, Rule 56 does not require the party seeking summary judgment to respond to the opposing party's

submission. Instead, Rule 56 requires the party opposing summary judgment to respond and demonstrate that material issues of fact remain. *See Flentje v. First Nat'l Bank,* 340 Ark. 563, 11 S.W.3d 531 (2000).

The hospital also argues that Finova submitted copies of the notices that were sent to the hospital, which were not file marked or otherwise certified, and argues that this did not comply with Rule 56. Rule 56(e) provides that sworn or certified copies of all papers referred to in affidavits shall be attached. Although the hospital raised this issue in its response to Finova's supplemental motion, the issue raised at the hearing on the motion was somewhat different. The issue raised at the hearing was not that the documents were not sworn or certified; rather, the issue was that the affiant was not the person who actually mailed the documents to the hospital and was relying on the statements contained in the certificates of service. It is well settled that an appellant may not change the grounds for objection on appeal but is limited by the scope and signature of the objections and arguments made at trial. *City of Benton v. Ark. Soil & Water Conservation Comm'n,* 345 Ark. 249, 45 S.W.3d 805 (2001).

Affirmed.

HENRY and BAKER, JJ., agree.